UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRED JAMES SMITH, etc.,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　CASE NO. 3:07-cv-175-J-25HTS

AMERICAN TELEPHONE &
TELEGRAPH CO., LUCENT
TECHNOLOGIES INC., FLORIDA
DEPARTMENT OF CORRECTION,

    Defendants.

### O R D E R

This cause is before the Court on Defendant Florida Department of Correction's Motion to Quash Improper Service of Process (Doc. #4; Motion). The Motion is opposed. *See* Objection to Quash or Dismiss (Doc. #11; Response).

Defendant Florida Department of Corrections is moving "to quash service of process" due to Plaintiff's failure to "effectuate[] proper service[.]" Motion at 1. It is argued the attempted service "by means of certified or regular United States mail on March 16, 2007[,]" is deficient. *Id.* Plaintiff responds

by suggesting the U.S. Mail is an appropriate method of service and stating that "[t]hese lawyers who object to the U.S. Postal Service and favor the more expensive way to deliver[] service[] just want to pad their bill."  Response at 1.

> Rule 4(j)(2), Federal Rules of Civil Procedure, provides that
>
>> [s]ervice upon a state . . . or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Section 48.111(2), Florida Statutes, further provides that "[p]rocess against any . . . department shall be served on . . . the chief executive officer of the . . . department."[1]  There is no information before the Court to indicate service has been properly effected upon the chief executive officer of the Florida Department of Corrections.  *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1109 (3d ed. 2002) ("Once the [chief executive] officer's identity is determined, the word 'delivering' in Rule 4(j) indicates that personal service should be made upon that particular individual."); Henry P. Trawick, Jr., Florida Practice and Procedure § 8:4 (2007) ("When a statute or rule specifies service, the process must be served by a person

---

[1] The Department of Corrections is a department of the State of Florida and its chief officer is the Secretary of Corrections.  *See* Fla. Stat. § 20.315 (2006).

authorized by law[ and] cannot be delivered by mail or by some other person.").

In light of the foregoing, the Motion (Doc. #4) is **GRANTED** and Plaintiff's March 16, 2007, service of process is **QUASHED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2007.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
     pro se parties, if any