**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FRED JAMES SMITH,

        Plaintiff,

vs.                                                 Case No. 3:07-cv-175-J-32HTS

AMERICAN TELEPHONE & TELEGRAPH
CO., et al.,

        Defendants.

---

**<u>ORDER</u>**[1]

This case is before the Court on defendants American Telephone & Telegraph Company (AT&T) and Lucent Technologies, Inc. (Lucent)'s Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. 20.)[2]  Pro se plaintiff has filed a response in opposition. (Doc. 25.)  Upon being advised by the Court that it might treat defendants' motion as one for summary judgment (Order, Doc. 26), plaintiff supplemented his filings (Docs. 27, 28, 29).  At the Court's request, defendants filed supplemental materials as well (Doc. 37,

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Service on defendant Florida Department of Corrections was quashed pursuant to the Court's May 14, 2007 Order. (Doc. 19.) The file does not reflect any further effort by plaintiff to serve this defendant. References in this Order to "defendants" are references to the remaining defendants: American Telephone & Telegraph Co., (now AT&T Corp.), and Lucent Technologies, Inc.

39) to which plaintiff responded (Doc. 40, 41, 42) and this matter is now ripe for review.[3]

I.  Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

Because plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Koger v. Florida, 130 Fed. Appx. 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, 546 S.Ct. 1151 (2006). However, even with pro se litigants, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal'" under Rule 12(b)(6). Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (citation omitted).

A court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment, because such documents are capable of accurate and ready determination. Makro Capital of Am., Inc. v. UBS AG, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th

---

[3]Plaintiff's "Motion to Block Dismissal" (Doc. 17), which relates to an earlier filed and now terminated motion to dismiss (Doc. 9) is terminated.

Cir. 1999)); see also Universal Express, Inc. v. SEC, 177 Fed. Appx. 52, 2006 WL 1004381, at * 1-2 (11th Cir. April 18, 2006) (unpublished opinion).  Here, the Court may take judicial notice of documents filed in other judicial proceedings, without converting the motion to dismiss to a motion for summary judgment, because they are public documents, see Universal Express, 2006 WL 1004381, at * 2, for limited purposes such as recognizing the subject matter of the litigation. Young v. City of Augusta, Georgia., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995).  The Court is thus permitted to construe defendants' motion as a motion to dismiss under Rule 12, and not a motion for summary judgment under Rule 56.  However, in light of plaintiff's pro se status, the Court will nonetheless consider all of plaintiff's previous filings in this case, in search of material that might be used to refute the arguments raised in defendants' motion.

II.  Discussion

In his complaint, plaintiff alleges that defendants caused various law enforcement officers to harass and falsely arrest plaintiff on May 4, 2004, purportedly giving rise to causes of action for false arrest, civil rights violations, harassment, conspiracy, and malicious prosecution. Plaintiff further alleges that AT&T is responsible for its phone lines at the Duval County Jail being used by inmates to harass plaintiff and his family. Finally, plaintiff alleges defendant Lucent breached an oral agreement to pay plaintiff $300,000. See Doc. 1.

In moving to dismiss the complaint, defendants provide a brief history of the litigation between plaintiff and defendants, explaining that plaintiff was formerly employed by defendants and that he has been a party to at least six lawsuits against one or both of them

3

over the past three decades.[4] To explain and develop the background to the sparse allegations of plaintiff's complaint, defendants rely on the allegations of many of plaintiff's earlier suits, particularly Smith v. AT&T, et al., Case No. 3:05-cv-1091-J-32HTS, termed "Smith V" by defendants.

Plaintiff's charges following his May 2004 arrest were eventually dropped,[5] and he now alleges the arrest was instigated at defendants' behest. The judge issuing the arrest warrant found probable cause based on the presentation of an affidavit signed by the plaintiff's probation officer which represented that Smith had contacted an employee of AT&T in violation of a condition of his probation which restrained Smith from contacting employees of Lucent Technologies. (Doc. 37.) The affidavit further represented that AT&T was "an affiliate of" Lucent. (Doc. 37.) "Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) ; Burns v. GCC Beverages, Inc., 502 So. 2d 1217, 1220 (Fla. 1986) (defining probable cause as having a "reasonable ground of suspicion, supported by circumstances sufficiently

---

[4]Indeed, other than an early case referenced by defendants that is no longer available on the Court's electronic docket (Case No. 75-cv-323), the Middle District docket confirms defendants' recitation of plaintiff's litigation history, revealing that, in addition to this lawsuit, plaintiff previously sued AT&T in 1992, 1995, and in 2005; and he sued Lucent in 1997, 1998 and 2005. All of these suits were dismissed. See Case Nos. 3:92-cv-1026; 3:95-cv-1118; 3:97-cv-1498, 3:98-cv-1044, 3:05-cv-1091; see also, Doc. 20 at 2 (outlining history of litigation).

[5]Although the record does not contain documentation on this point, both parties agree that charges against the plaintiff were dismissed.

4

strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged").

The judge's finding of probable cause disposes of any claim for false arrest, malicious prosecution, or any related section 1983 allegation, and to the extent plaintiff's complaint can be read to assert such claims, they are barred.[6] See, e.g., Von Stein v. Brescher, 904 F.2d 572, 584 n.19 (11th Cir. 1990) ("Under Florida law, probable cause is an affirmative defense to a claim for false arrest and lack of probable cause is an element that must be established in a malicious prosecution case."); Ortega, 85 F.3d at 1525 (holding that an arrest made with probable cause is an absolute bar to a section1983 claim); Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998); Card v. Miami-Dade County Florida., 147 F. Supp. 2d 1334, 1347 (S.D. Fla. 2001); Varnado v. Manager of Cedar Grove Apt. Complex, No. 6:05-cv-1768-Orl-28, 2006 WL 1679698, at *1 (M.D. Fla. June 12, 2006). Furthermore, "the mere fact that [defendants'] communication to [the probation] officer" regarding plaintiff's communication with an AT&T employee in the face of an order restraining plaintiff from contacting Lucent "may have *caused* the [plaintiff's] arrest does not make [defendants] liable [in tort] when [the defendants] did not in fact *request* any detention." Pokorny v. First Fed. Sav. & Loan Ass'n

---

[6]Although Burns held that in a malicious prosecution case, the issuance of an arrest warrant by a magistrate establishes a presumption of probable cause only if the defendant was heard by the magistrate on the probable cause issue, 502 So. 2d at 1220, this arrest, unlike Burns, arose out of a violation of probation, not as an original criminal proceeding and therefore a lesser standard applies. See United States v. Basso, 632 F.2d 1007, 1013 (2d Cir. 1980) (holding that a showing of reasonable satisfactory proof of cause is sufficient to support a warrant for violating probation). Here, the affidavit meets the reasonable satisfactory proof of cause requirement for the issuance of a warrant for a probation violation.

of Largo, 382 So. 2d 678, 682 (Fla. 1980) (emphasis added).

Nor do these allegations support a conspiracy claim because such a claim will not lie absent an actionable underlying tort. Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam County, 616 So. 2d 562, 565 (Fla. 5th DCA 1993). In addition, there does not appear to be any cause of action available under Florida law for civil harassment. Kamhi v. Waterview Towers Condo. Ass'n, Inc., 793 So. 2d 1033, 1037 (Fla. 4th DCA 2001); Cummings v. Dawson, 444 So. 2d 565, 566 (Fla. 1st DCA 1984). Thus, the Court finds plaintiff's claims related to his May 2004 arrest are due to be dismissed with prejudice.[7] Likewise, plaintiff's claims related to the use of phone lines at the jail do not state a viable cause of action and are to be dismissed with prejudice as well. Von Meysenbug v. W. Union Tel. Co., 54 F. Supp. 100, 101 (S.D. Fla. 1944) (limiting liability of a telegraph company unless there is a showing of bad faith, actual malice or abuse of privilege). Finally, plaintiff's complaint alleges that a Lucent attorney failed to keep a promise to pay plaintiff $300,000. In Smith V, plaintiff provided greater detail regarding this claim, revealing that the claim relates to an alleged promise to pay plaintiff in exchange for his agreement to abstain from attending a Lucent stockholders' meeting. That promise (and the meeting) allegedly occurred in 1998 and any claims arising thereunder are dismissed with prejudice as they are barred by the applicable four year statute of limitations. Fla. Stat. § 95.11(3)(k).

---

[7]Although plaintiff's complaint references two earlier arrests allegedly instigated by defendants, the Court does not read plaintiff's present complaint to be alleging any causes of action related to either of these earlier arrests.

Although plaintiff's complaint additionally raises various grievances concerning his treatment by other lawyers and this and other courts, such allegations do not state a claim as to any of the named defendants and they are therefore due to be dismissed.

Accordingly, it is hereby

**ORDERED**:

Defendants Lucent and AT&T's Motion to Dismiss or, In the Alternative, for Summary Judgment (Doc. 20) is **GRANTED**.  This case is dismissed with prejudice.   The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of March, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

pro se plaintiff